IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN R. KING,

                        Plaintiff,                     OPINION AND ORDER

v.

                                                      16-cv-144-wmc

DEPUTY ROBERT SPEARS,
DEPUTY BRANT FOLTMAN,
DEPUTY DAVID WALKER,
BRANDI ANDERSON,
SYDNEY BRYANT, and
KYLE MCNALLY,

                        Defendants.

*Pro se* plaintiff John R. King is proceeding in this civil action on Fourteenth Amendment claims against defendants Robert Spears, Brant Foltman, David Walker, Brandi Anderson, Sydney Bryant and Kyle McNally for their alleged involvement in entering his cell and assaulting him without provocation on December 30, 2015. The court has recently taken defendants' motion for summary judgment under advisement, but in the meantime will deny plaintiff's pending motion to amend his complaint to add a cruel and unusual punishment claim related to his medical care following the December 30 incident (dkt. #59), as well as his motion to compel video evidence and personnel files (dkt. #60).

I.      **Motion to amend complaint (dkt. #59)**

King seeks leave to amend his complaint to add a cruel and unusual punishment claim related to medical care he received following the December 30, 2015, incident. While Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," it is "not to be automatically granted." *Johnson v. Cypress*

1

*Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (citation omitted). Rather, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* Here, King's delay, unsupported by any justification other than the fact that he is representing himself, and the clear prejudice such an amendment would impose on defendants, are fatal to his motion.

The court granted King leave to proceed in this lawsuit on October 5, 2017. Then on January 29, 2018, King sought leave to amend his complaint to add additional defendants, and the court again granted that request. However, King did not seek leave to add this claim until September 17, 2018, almost a year after receiving leave to proceed, and over two weeks *after* the defendants filed their motion for summary judgment. (*See* dkt. #45.) King's previous successful motion to amend belies his assertion that his *pro se* status prevented him from pursuing this new claim sooner, nor has he suggested that he was *unable* to pursue this claim earlier. For both reasons, and because adding this claim to this lawsuit at this late stage would prejudice defendants, the motion will be denied.

II. **Motion to Compel (dkt. #60)**

King also seeks an order directing defendants to produce: (1) video evidence of the December 30 incident, as well as a February 4, 2016, incident with defendant Foltman; and (2) copies of "misconduct reports, grievances, and administrative write ups" for the defendants. Neither request is justified.

While defendants initially objected to the December 30 video footage request on

the basis of maintaining jail security, they have since turned over the footage to plaintiff as part of their summary judgment submissions. As such, that request will be denied as moot. In contrast, plaintiff has yet to explain the possible relevance of the February 4 footage to his claim here. Indeed the court previously dismissed King's claim against Foltman related to their alleged February 4 altercation for failure to exhaust administrative remedies. (Dkt. #36.) Since there is no reasonable basis to conclude that the February 4 footage could be relevant to the December 30 incident, King has failed to demonstrate entitlement to discovery of that footage. Accordingly, that request will be denied as well.

As for King's request for the defendants' conduct files, defendants previously objected to the request as overly broad, unduly burdensome, not proportional to the needs of the case, as well as protected under Wis. Stat. §§ 19.36(10) and 103.13, which prohibit private citizens from obtaining public employee personnel records "[u]nless access is specifically authorized." While Wisconsin statutes obviously do not *prohibit* this court from compelling defendants to turn over personnel files where deemed appropriate, plaintiff has again failed to show why those files are relevant to King's claims. First, defendants' overbreadth objection is well-taken: King appears to be asking for *all* of the defendants' personnel files in an attempt to determine whether defendants have any history of misconduct at any time. With a proper showing, the court might be willing to narrow King's request to something more appropriate in light of his *pro se* status, but here King has neither suggested what relevant materials might reasonably be expected to exist within those files, nor has he explained why he believes those records could lead to the discovery of admissible evidence related to the December 30 incident at issue in this case.

On the contrary, to the extent King merely hopes that records of misconduct *might* lead to admissible evidence of the defendants' intent or state of mind on December 30, that argument is unpersuasive because the standard for excessive force claims is whether their use of force was *objectively* unreasonable. *Kingsley v. Hendtrickson*, 135 S. Ct. 2466, 2468 (2015). Accordingly, King's request to compel defendants' personnel records amounts to nothing but a fishing expedition and one fraught with the potential for unwarranted intrusions into sensitive personnel matters. Without more, therefore, King's motion to compel will be denied.

ORDER

IT IS ORDERED that:

(1) Plaintiff John King's motion to amend (dkt. #59) is DENIED.

(2) Plaintiff's motion to compel (dkt. #60) is DENIED.

Entered this 15th day of November, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge